IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EVERBANK**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3868-L** |
| | § | |
| **KENDRA L. BROWN and All Occupants**, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand [Doc. 7], filed November 24, 2014. No response to the motion was filed. After carefully reviewing the motion, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.   Background**

Everbank ("Everbank" or "Plaintiff") initiated a forcible detainer action against Kendra L. Brown ("Brown") and All Occupants (collectively, "Defendants") in the Justice of the Peace Court, Precinct No. 2, Place No. 1, Dallas County, Texas, on July 31, 2014. The state action was filed with respect to property located at 5418 Meadow Vista Lane, Garland, Texas 75043 (the "Property"). Brown appealed an adverse judgment to the County Court at Law Number Three of Dallas County, Texas; and she then removed the action to federal court on October 30, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. Everbank moved to remand the action on November 24, 2014, contending that: (1) subject matter jurisdiction is lacking because

the required amount in controversy for diversity is not satisfied; (2) removal is procedurally improper because Brown is a citizen of Texas; and (3) removal was untimely.

### A.  Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citation omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### B. Amount in Controversy

Plaintiff contends that Brown has not satisfied the amount-in-controversy requirement. As Plaintiff correctly notes, Defendants are tenants at sufferance as a result of the successful forcible detainer action filed. This and other courts in the Northern District of Texas have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or to immediate possession of the property. *Wells Fargo Bank v. Matts*, No. 3:12-CV-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec, 13, 2012) (collecting cases). As Brown and any other occupant of the Property are tenants at sufferance under Chapter 24 of the Texas Property Code, the only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the Property, not the Property's fair market value.

In the Notice of Removal, Brown alleges that the amount in controversy is satisfied because the market value of the Property is $115,850, but she fails to allege any amount applicable to the

**Memorandum Opinion and Order – Page 3**

value of her right, or that of any other occupant, to immediate possession or occupancy of the premises. Thus, she has not satisfied her burden of establishing that the amount in controversy necessary for subject matter jurisdiction based on diversity of citizenship, exceeds $75,000. Thus, the court lacks subject matter jurisdiction over this action.

### C.  Removal by In-State Defendant

Even assuming that Brown could satisfy the amount-in-controversy requirement necessary for subject matter jurisdiction based on diversity of citizenship, removal of this case is procedurally improper because the removal statute does not permit a case to be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b);* *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985).

Here, Brown concedes in her Notice of Removal that she is a citizen of Texas. Thus, removal violates the in-state defendant rule under section 1441(b)(2), and removal of this case is procedurally defective. A "statutory restriction against removal is not a matter of substantive jurisdiction, but rather a procedural defect." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993). A procedural defect "is any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (citation omitted). As a result of the

---

* The statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

**Memorandum Opinion and Order – Page 4**

language in section 1441(b)(2), Brown was not entitled to remove the action to federal court. The court therefore determines that the procedural defect serves as an alternative ground to grant Plaintiff's Motion to Remand. In light of its ruling regarding the amount in controversy and the procedural defect, the court need not discuss Plaintiff's argument regarding the timeliness of the removal.

## II.     Attorney's Fees and Costs

Everbank seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

When removal is determined to be improper, courts have discretion to award attorney's fees incurred in obtaining a remand. 28 U.S.C. § 1447(c). In this action, Brown is proceeding *pro se* and filed an affidavit in state court of her inability to pay costs. Consequently, it is highly unlikely that she has the means to pay the attorney's fees and costs incurred by Everbank as a result of the removal. While this case should have not been removed, the court, in exercising its discretion, determines that the interests of justice are not served by awarding attorney's fees and costs to Everbank under these circumstances.

**Memorandum Opinion and Order – Page 5**

### III.     Conclusion

For the reasons herein set forth, the court **grants** Plaintiff's Motion to Remand, and **denies** Plaintiff's request for attorney's fees and costs.  Pursuant to 28 U.S.C. § 1447(c), the court **remands** this action to the Dallas County Court at Law Number Three, Dallas County, Texas.  The clerk of court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 24th day of December, 2014.

_____
Sam A. Lindsay
United States District Judge